## Commonwealth v. Miller

*Earl Richard Etzweiler,* Special Prosecutor, for Commonwealth.

*Harry B. Goldberg,* for defendant.

LIPSITT, J., September 25, 1972.—Edwin L. Miller was found guilty on a charge of fraudulent conversion at a trial heard by a judge after waiver of jury. Presently before the court are motions for a new trial and in arrest of judgment.

The prosecutrix was Mary C. Branchick, a widow who is the owner of property situate in Wiconisco, Dauphin County, Pa. Sometime in the summer of 1971, she entered into an oral contract with defendant, Edwin L. Miller, a general contractor, for the re-

modeling of her residence. Mrs. Branchick paid Mr. Miller the total sum of $30,000 by five separate checks during a period from July through September, 1971. At issue are parts of these payments which defendant has been accused of obtaining under pretenses that he would use said sums of money to pay for material and supplies in connection with the work being done on the aforementioned premises but failed to do so and fraudulently converted or applied the funds for his own benefit.

Defendant never completed the remodeling of the property in question and, in fact, informed the prosecutrix that he needed a considerable amount of money in addition to the $30,000 paid by her to complete the job. When she refused to pay any further money, defendant stopped work and subsequently the criminal charge was brought.

The general nature of the defense is that the evidence was insufficient to sustain the guilty verdict. Defendant testified he told the prosecutrix the project was to cost in the neighborhood of $30,000, but no amount was fixed and in actuality it was a time and material type of transaction. He claimed after the construction started it became a more expensive proposition than either party had anticipated, and he had expended over $13,000 for materials, in excess of $21,-000 for labor and, in addition, approximately $19,000 was still owing for materials. Thus the total to complete the construction would be approximately $54,000. At best, he argues, this is a civil matter, and he is entitled to make a claim against Mrs. Branchick for the excess expenses.

Although a portion of the testimony and particularly the defense was directed to the question as to the type of contract involved; i.e., whether it was a lump sum or a time and material contract, this bone of con-

tention is really not crucial in the case. It may, as is pointed out by the prosecutrix, reflect upon the credibility of defendant. While defendant asserts the contract was on a time and material basis with no set price, Mrs. Branchick testified specifically to the contrary as did her daughter. Of course, these people have a direct interest. However, a neighbor who was present during a conversation testified defendant assured Mrs. Branchick the job would be done at the price quoted. More significantly, a foreman for defendant employed on this undertaking testified defendant told him prior to commencement of and several times later while the work was in progress that the price was to be $30,000.

The important issue here is whether or not there is sufficient evidence showing defendant made statements that he needed money to pay for specific materials with the prosecutrix giving defendant money relying on those statements, and defendant failed to apply the money received for the stated purposes. Defendant is charged with fraudulent conversion under section 834 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4834, which provides, in effect, that anyone who having received money from another person fraudulently withholds, converts or applies the same or any part thereof for his own use and benefit is guilty of fraudulent conversion. Thus, it must be determined if the evidence clearly and beyond a reasonable doubt showed whether or not defendant, prior to receiving one check from the prosecutrix, informed her he needed money to pay for hardwood flooring, and that prior to receiving another check from the prosecutrix he informed her he needed money for storm windows and had failed to apply this money for the purposes indicated. In her testimony, Mrs. Branchick said the third check involved dated September 2, 1971, in the amount of $5,000 was given to defendant when he

stated he wanted the money to pay for hardwood flooring, and she gave him the check relying on the statement. Mrs. Branchick further testifed that before giving defendant the fourth check dated September 17, 1971, in the amount of $3,000, defendant stated he needed the money to pay for storm windows, and she gave defendant the check relying on his statement. The fair inference drawn from the testimony of a representative of Wickes Lumber and Building Supplies, a firm in Northumberland, Pa., by reason of the dates when payments were made revealed defendant did not pay any portion of the money received from the prosecutrix on the hardwood flooring or storm windows, all of which were purchased from Wickes. If the prosecutrix is to be believed and the finder of fact held her testimony to be credible, then it is evident that part of the money she gave to defendant was not used for the purposes intended.

The circumstances of the present case fall squarely within the holding of Commonwealth v. Dewhirst, 64 D. & C. 195 (1948). A building contractor who had agreed to erect a building stopped work thereon and thereafter obtained money from the owners on the representation he needed it to secure certain materials to proceed with the construction. Defendant failed to use the money for the purpose specified. The court held this evidence was sufficient to support a verdict of guilty on the charge of fraudulent conversion. The court there stated, at page 197, as follows:

"Defendant contends that the money he received was due under a contract and he was legally justified in retaining it. The Commonwealth contends that this money was delivered for the specific purpose of securing certain materials necessary to proceed with the construction of the building, after defendant had stopped work on the job and defendant failed to pro-

cure the specific materials and thereby he can be held to answer to a charge of fraudulent conversion."

In summarizing the testimony, the court said, on page 201:

"The testimony offered by the Commonwealth in the instant case warrants the conclusion that the money was given to defendant specifically for the purchase of particular materials. His failure to furnish such materials would bring his conduct within the provisions of the act."

Consonant with the views expressed, we believe a verdict of guilty was justified and enter the following

### ORDER

And now, September 25, 1972, defendant's motions for a new trial and in arrest of judgment are denied, and the district attorney is directed to call defendant, Edwin L. Miller, for sentence.